```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

DEREK CAPOZZI,                      )
        Petitioner,                 )
                                    )   Civil Action No. 13-11275-PBS
        v.                          )   (CR NO. 98-10087-PBS)
                                    )
UNITED STATES,                      )
        Respondent.                 )
```

                        MEMORANDUM AND ORDER
                           April 16, 2014

SARIS, C.D.J.

## I. Introduction

Petitioner Derek Capozzi has filed a Petition for Writ of Error Coram Nobis challenging the validity and/or scope of this Court's "no contact" Order while he is serving his prison sentence.

A.  <u>Relevant Background Regarding the No Contact Order</u>

The relevant background is as follows.  After a jury trial, Capozzi was found guilty of being a felon in possession of a firearm and ammunition, attempted extortion affecting commerce, and use of a firearm during a crime of violence.  On April 6, 2000, a sentencing hearing was held and this Court sentenced Capozzi to a term of imprisonment of 360 months, followed by five (5) years of supervised release.  Judgment (Docket No. 229) entered on April 13, 2000.

On April 11, 2000 (five days after the sentencing hearing and two days prior to entry of Judgment), this Court entered a "no contact" Order (Docket No. 228) which stated, in relevant part:

> Defendant, and any of his agents,(except counsel or a
> private investigator acting for counsel), shall not
> have contact or cause any contact with any of the
> government witnesses or victims, or their families, in
> the Haverhill, Peabody or Beverly incidents.... <u>This
> order is effective immediately</u>.

Order (Docket No. 228 at 1)(emphasis in underline added).

As part of the Special Conditions of Supervision of the Judgment, Capozzi was prohibited from contact with government witnesses or with victims. Specifically, paragraph 4 of the page entitled as "Special Conditions of Supervision" contained a substantially similar "no contact" provision as in the April 11th Court Order. It stated:

> The defendant, and any of his agents, (except counsel
> or a private investigator acting for counsel), shall
> not have contact nor cause any contact with any of the
> government witnesses or victims, or their families, in
> the Haverhill, Peabody or Beverly incidents. <u>This
> order is effective immediately</u>.

Judgment (Docket No. 229 at 4, ¶ 4)(emphasis in underline added).

The last page of the Judgment incorporated the Court's "Memorandum of Sentencing Hearing and Report of Statement of Reasons" for the sentence imposed. Judgment (Docket No. 229 at 7). In the Memorandum of Sentencing Hearing and Report of Statement of Reasons, there was a separate heading entitled "Court Order." The text of the Court Order primarily included similar (but not identical) language as in the separate Court Order (Docket No. 228). It stated, in relevant part, that the "Defendant shall not mail or make any threatening communications

2

or engage in any witness intimidation. This order is effective immediately and is a condition of supervised release." Memorandum of Sentencing Hearing and Report of Statement of Reasons, at 4.[1]

Notably, at the sentencing hearing, this Court explained to Capozzi the parameters of the "no contact" Order, and the reasons for it. Specifically, this Court stated, in relevant part:

> Now this is the part that I want you [Capozzi] to be careful about. Because I'm going to have certain no contact orders. As I say, the only reason I've gone up that six months -- well, part of it of course is supported by the criminal history category, but what's driving me is the persistent contact and efforts to intimidate witnesses. There's a no contact order here, that you and none of your agents, family members or friends on your behalf, if you direct them to do, shall have any contact nor cause any contact with any of the government witnesses or victims or their families with respect to the Haverhill, Peabody or Beverly incidents. And also it's a direct order that you shall not mail any threatening communications in violation of federal law, state law, or engage in any witness intimidation. Now, I don't know whether I can be more direct about that. I thought I gave a direct order before, but as I was thinking about it, I don't know that I included family members or friends. So I'm a little worried about saying "or friends" because you are all part of the same group. I am, at this point, anyway, limiting myself -- I'd hear from people about this -- to any of the witnesses, the victims, or their families. If

---

[1] The Memorandum of Sentencing Hearing and Report of Statement of Reasons also included an explanation that this Court granted an upward departure of seven months based, in part, upon Capozzi's extraordinary pattern of obstruction of justice by attempting to intimidate two trial witnesses, attempting to contact certain friends and family, and other actions, which this Court found demonstrated that it was likely that Capozzi would continue intimidating behavior. Memorandum of Sentencing Hearing and Report of Statement of Reasons at 5.

3

> that's not clear enough I suppose -- because I want it to be clear so that there's never any confusion about that. <u>And these are both orders that are not only conditions of supervised release, but they're also going to be a direct court order so they cannot be -- they can't be violated in prison</u>.

Sentencing Transcript (Docket No. 289 at 72-73)(brackets and underline added). This Court clarified that the "no contact" Order excluded counsel. <u>Id.</u> at 75.

After sentencing, Capozzi filed a direct appeal. Thereafter, the Judgment of this Court was affirmed. <u>See</u> <u>United States v. Capozzi</u>, 347 F.3d 327, 328 (1st Cir. 2003). His petition for writ of certiorari was denied by the Supreme Court on January 26, 2004.

B. <u>The Show Cause Hearing</u>

On February 21, 2003, the government filed a Motion for a Show Cause Order (Docket No. 317) alleging that, while incarcerated, Capozzi had violated the "no contact" Order entered on April 11, 2000, by telephonically contacting and speaking to his co-defendant Jason Stone, who was a government witness against Capozzi at both the criminal case before this Court, and in the criminal case before Judge Zobel. <u>See</u> <u>United States v. Paul A. Decologero, et al.</u>, CR 01-10373-RWZ.[2]

---

[2] Judge Zobel issued a "no contact" Order in that case as well. <u>See</u> Order (Docket No. 508)(entered March 21, 2003). In that case, Capozzi claimed that he was calling his friend, Mark Lesser (also a government witness) and Jason Stone happened to pick up the telephone.

4

On March 14, 2003, Capozzi filed a Motion to Proceed *Pro Se* (Docket No. 328), a Motion for Discovery (Docket No. 329), and a Motion for Subpoenas (Docket No. 330).[3]

On March 24, 2003, this Court held a hearing on the government's Motion for a Show Cause Order. Capozzi appeared *pro se* at that hearing, although this Court strongly urged him to consider representation by counsel. Capozzi declined to have counsel or to have appointed stand-by counsel. He was advised to notify this Court if he changed his mind about having appointed counsel.

After hearing, this Court permitted Capozzi to have contact with his friend, Mark Lesser, as well as his mother and immediate family members. The Court advised that tapes of his conversations would be produced, so Capozzi could not use Mark Lesser as an indirect path to Jason Stone. Further, although the government alleged there were issues of improper contact by Capozzi in the Decologero case before Judge Zobel, this Court limited its consideration only to matters involving the "no contact" Order in United States v. Capozzi, et al., CR 98-10087-PBS, that is, the issue was limited to Capozzi's alleged telephonic contact with Jason Stone, and consideration on matters

---

[3] While there is no entry on the Court docket, the paper file includes Capozzi's Motion for an Evidentiary Hearing at the time of the show cause hearing on March 24, 2003.

involving the Decologero "no contact" Order were left to Judge Zobel.

With respect to the conversation between Capozzi and Jason Stone, the government contended it had the tape of the telephone call, and a transcript of a hearing before Judge Zobel in which the telephone call was discussed, demonstrating that Capozzi had discussed Jason Stone's testimony with him. The government sought a sanction imposed against Capozzi to restrict all telephone privileges while incarcerated, except for conversations with his counsel.

This Court indicated that no action would be taken at the show cause hearing with respect to the government's request to limit Capozzi's telephone calls while incarcerated because the materials had not previously been provided to Capozzi or to this Court for review. Additionally, this Court considered that there was another hearing coming up (referring to the revocation hearing for alleged violations of supervised release by Jason Stone) and Capozzi may want to review that transcript before any further action was taken on the show cause motion.[4]

---

[4] This Court considered that the issue of Jason Stone's revocation hearing might be relevant to the issues presented in the show cause motion because improper contact was one of the grounds for revocation; however, the government contended the revocation matter was unrelated. Capozzi stated his information was that Jason Stone was being violated for two dirty urines and for contact with him. This Court indicated that review of this matter was necessary and, to the extent it was relevant, Capozzi would be able to get the transcript of the hearing. On March 28,

Nevertheless, this Court indicated that the issue had not been resolved and the Court was not dismissing the government's request for an order limiting telephone privileges, noting that the no contact Order was taken seriously and would be enforced. The only issue was that the Court did not know who contacted who or the substance of the telephone conversation. The Court needed to determine whether there was a technical violation or a substantive one, and until that was known, no action would be taken. This Court did advise Capozzi that if he wanted to talk with someone whom he thought was a buddy, but had nothing to do with Decologero, he was to write the Court a letter. This Court indicated a further hearing would be set at some later point; however, no further hearing was held.[5]

C.  Capozzi's Post-Conviction Challenges

On January 25, 2005, Capozzi filed a motion pursuant to 28 U.S.C. § 2255 challenging his conviction and enhanced sentence under the Armed Career Criminal Act. On January 12, 2007, this Court issued a Memorandum and Order denying Capozzi's § 2255 motion. See Memorandum and Order (Docket No. 14); Docket No. 353

---

2003, the government informed the Court that the parties had reached an agreement regarding Jason Stone's revocation violations, and this Court imposed an 11-month prison sentence. See Judgment of Revocation (Docket No. 335).

   [5]   As noted previously, the show cause hearing took place in March, 2003. In January, 2004, Capozzi's Judgment became final after denial of his petition for writ of certiorari.

in CR 98-10087-PBS.  The issue of the parameters of the "no contact" Order was <u>not</u> a subject of the § 2255 motion.

Almost four years later, on January 18, 2011, Capozzi filed a Petition for Writ of Audita Querela/Motion to Reopen the § 2255 action on the grounds that this Court should have appointed counsel for him pursuant to 18 U.S.C. § 3006A in connection with his § 2255 motion.  <u>See</u> <u>Capozzi v. United States</u>, Civil Action No. 05-10171-PBS (Docket No. 20).  On January 31, 2011, this Court entered an Electronic Order denying the petition.

More than two years after that, on April 17, 2013, Capozzi, now incarcerated at USP Florence in Florence, Colorado, filed the instant action by a document entitled "Petition for A Writ of Error Coram Nobis" (Docket No. 355) pursuant to 28 U.S.C. § 1651 (the All Writs Act).  He also filed a Motion for Appointment of Counsel (Docket No. 356).  He alleges that: (1) no further show cause hearing was held on the issue of his violation of the "no contact" Order as this Court had indicated; (2) no ruling was made on his Motion to Dissolve the No Contact Order nor was any hearing held; (3) he understood the "no contact" Order to apply only to supervised release and not during his term of imprisonment and therefore did not raise the issue on direct appeal or in his § 2255 motion; (4) there is no legal authority that permits this Court to impose a "no contact" Order on a criminal defendant while he is incarcerated; (5) the "no contact"

Order is ambiguous; (6) he has no remedy under § 2255 because he is not challenging his detention, but only the conditions of confinement; and (7) he now wishes to contact life-long friends and family but does not want to be held in violation of the "no contact" Order.

## II.  Discussion

A.  The Motion to Appoint Counsel

Upon review of the relevant record this Court finds that it would not be in the interests of justice to appoint counsel for Capozzi in connection with his challenges to the "no contact" Order, or with respect to his supplemental claims of ineffective assistance of defense counsel and appellate counsel, for the various reasons set forth below.

Accordingly, his Motion for Appointment of Counsel (Docket No. 356) will be DENIED.

B.  Neither a Coram Nobis Petition Nor a Section 2255 Motion is Available to Petitioner to Challenge the "No Contact" Order

1.  Coram Nobis

A petition for writ of coram nobis relief is only available if the petitioner is no longer in custody on the challenged sentence.[6]  Because Capozzi is still serving his 360 month

---

[6] See Trenkler v. United States, 536 F.3d 85, 98 (1st Cir. 2008) cert. denied 129 S.Ct. 1363 (2009)("... the writ of error coram nobis, in its modern form, is ordinarily available only to a criminal defendant who is no longer in custody."); United States v. Sawyer, 239 F.3d 31, 37 (1st Cir. 2001).

9

criminal sentence on the charge for which he is requesting coram nobis relief, such relief is not warranted.

Capozzi argues that the fact that he is serving his sentence does not impact the availability of coram nobis relief here. Nevertheless, even if coram nobis relief were available to a petitioner who is still in custody on a sentence, coram nobis relief is limited. Coram Nobis may be used to set aside a conviction under compelling circumstances in order to achieve justice. Hager v. United States, 993 F.2d 4, 5 (1st Cir. 1993); United States v. Morgan, 346 U.S. 502, 511-12 (1954). See Barreto-Barreto v. United States, 551 F.3d 95, 103 (1st Cir. 2008); Sawyer, 239 F.3d at 38 (discussing history of coram nobis relief). See also United States v. Denedo, 566 U.S. 904, 915 (2009)("No doubt, judgment finality is not to be lightly cast aside; and courts must be cautious so that the extraordinary remedy of coram nobis issues only in extreme cases."). It is not available where other remedies would have existed "but for" the failure to raise the attack in a timely fashion, or where the attack is restricted as second or successive. Indeed, the limitations provided in 28 U.S.C. § 2255 may not be evaded by the recourse to the general writ of coram nobis. Rivera-Martinez v. Ashcroft, 389 F.3d 207, 209 (1st Cir. 2004); United States v. Barrett, 178 F.3d 34, 54 (1st Cir. 1999)(writ of coram nobis may not be used to circumvent the clear congressional directive embodied in the "second or successive" provisions of § 2255).

Here, Capozzi fails explain adequately his failure to seek earlier relief from the judgment. Notably, he did not file his petition for more than <u>nine</u> years after the Judgment became final (*i.e.*, after certiorari was denied and more than <u>ten</u> years after the government filed its Motion for a Show Cause Order regarding violations of the "no contact" Order).

His argument -- that he did not understand that the "no contact" Order applied to his term of imprisonment as well as to his supervised release and that he understood the no contact order to apply only after he was released from custody -- is contrary to matters discussed at the sentencing hearing. Upon review of the record, this Court finds that it was crystal clear that the "no contact" Order applied <u>both</u> during imprisonment and supervised release.

Next, Capozzi could have raised all of his legal challenges to the "no contact" order or before 2003, or at least at the time of filing his § 2255 motion.

Further, Capozzi has not demonstrated that this Court committed an error of the most fundamental character. Capozzi's contention that this Court had no authority to impose such an order is rejected. The District Court has broad power to impose a "no contact" Order to protect the administration of justice. Here, the sentencing transcript makes clear that the "no contact" Order applied both during imprisonment and as a condition of supervised release. <u>See</u> Sentencing Transcript (Docket No. 289 at

67-69).

Finally, Capozzi's ineffective assistance of counsel claims fail because they are untimely and because he cannot show he suffered any prejudice in light of this Court's ruling on the "no contact" order.

Accordingly, for all of these reasons, this Court does not find that extraordinary circumstances exist here to warrant coram nobis relief. Therefore, Capozzi's petition for writ of coram nobis will be <u>DENIED</u> in its entirety.

    2.   <u>28 U.S.C. § 2255</u>

Section 2255 relief is not available to Capozzi because such a motion is time barred and because it would be a second or successive petition (where, although the "no contact" Order was not raised in his first § 2255 motion, it should or could have been raised). Absent permission by the First Circuit to file a § 2255 motion, this Court lacks jurisdiction to grant such relief § 2255. <u>See</u> 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3).

C.  <u>No Relief is Available Under Section 2241 in This Court</u>

As an additional matter, Capozzi cannot seek § 2241 relief because Capozzi does not allege that his "custody" is in violation of the Constitution or federal law and because there is no jurisdiction over Capozzi's custodian, the warden of FCI Florence in Colorado. <u>See</u> <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 434 (2004); <u>Vasquez v. Reno</u>, 233 F.3d 688, 694 (1st Cir. 2000)(a petitioner's legal custodian is the individual having day-to-day

12

control over the facility in which petitioner is being detained), cert. denied, *sub nom*. Vasquez v. Ashcroft, 534 U.S. 816 (2001). Thus, any § 2241 habeas petition must be filed, if at all, in the District in which his immediate custodian is located.

D.  No Relief Available Through a Rule 60(b) Motion for Reconsideration

Capozzi's supplemental request for this Court to construe his petition as a Motion for Reconsideration of the sentence under Rule 60(b) is to no avail. In legal effect, the motion is the functional equivalent of a second or successive, and untimely, § 2255 motion (*i.e.*, it is a § 2255 motion that is "masquerading" as a motion for reconsideration). A prisoner may not circumvent the restrictions on § 2255 by calling the request for relief from a sentence by any other name.

Accordingly, this Court will DENY any relief via Rule 60(b).

E.  The "No Contact" Orders

Petitioner may file a motion to modify the no contact order issued on April 11, 2000 with specific names of people he wishes to contact. If appropriate, after an opportunity for opposition, the Court will allow a reasonable request.

### III. Conclusion

Based on the forgoing, it is hereby Ordered that:

1.  Petitioner Capozzi's petition for writ of coram nobis (Docket No. 355) is DENIED;

2.  Petitioner Capozzi's supplements to his petition for writ of

coram nobis asserting ineffective assistance of counsel claims is <u>DENIED</u>;

3. Petitioner Capozzi's Motion for Appointment of Counsel (Docket No. 356) is <u>DENIED</u>;

4. Petitioner Capozzi's request for relief through any other legal remedy apart from a petition for writ of coram nobis (*e.g.*, § 2255, § 2241, and Rule 60(b)) is <u>DENIED</u>;

5. Civil Action No. 13-11275-PBS is <u>DISMISSED</u> in its entirety;

6. This Memorandum and Order shall be docketed in both Civil Action No. 13-11275-PBS and CR 98-10087-PBS;

7. The Court <u>DENIES</u> a certificate of appealability for the reasons stated herein.


SO ORDERED.                    /s/ Patti B. Saris
                                            PATTI B. SARIS
                                            CHIEF, U.S. DISTRICT JUDGE