```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS
_____
                               )
DEREK CAPOZZI,                 )
                               )
            Petitioner,        )
                               )
v.                             )    Criminal Action
                               )    No. 98-10087-PBS
UNITED STATES OF AMERICA,      )
                               )
            Respondent.        )
_____)
```

**MEMORANDUM AND ORDER**

March 31, 2021

Saris, D.J.

### INTRODUCTION

Petitioner Derek Capozzi moves under 28 U.S.C. § 2255 to challenge (1) his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), (2) his conviction for use of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c), and (3) his sentence enhancement pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1).

After a review of the record, the Court **ALLOWS** in part and **DENIES** in part the motion (Dkts. 403 and 416).

**BACKGROUND**

I. **Criminal Proceedings**

On July 8, 1996, Petitioner was charged in an indictment with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1) (Count 1s), attempted extortion affecting interstate commerce in violation of 18 U.S.C. § 1951(a) (Count 3s), two counts of use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) (Counts 4s and 6s), and armed bank robbery, in violation of 18 U.S.C. § 2113(d) (Count 5s). Counts 1s, 3s, and 4s proceeded to trial, while Counts 5s and 6s were severed. On November 16, 1999, the jury convicted Petitioner of Counts 1s, 3s, and 5s.

According to the presentence report ("PSR"), he had seven ACCA violent felony predicate convictions and was an Armed Career Criminal ("ACC").[1] Defendant did not file any objections to this ACC classification or to the factual description of the predicates. Moreover, there was no challenge to the ACC classification during the sentencing hearing. On April 6, 2000, the Court sentenced Petitioner to 360 months in prison.[2]

---

[1] Those convictions include breaking and entering in the daytime in violation of M.G.L. c. 266, § 18 (five convictions); entering without breaking in violation of M.G.L. c. 266, § 17; assault and battery with a dangerous weapon in violation of M.G.L. c. 265, § 15; and assault and battery on a police officer in violation of M.G.L. c. 265, § 13D.

[2] Petitioner's Guidelines Sentencing Range was 235 to 293 months. The Court sentenced Petitioner to 300 months as to Count 1s, 240

2

## II. Direct Appeal

Petitioner appealed his conviction to the United States Court of Appeals for the First Circuit, which affirmed on October 6, 2003. United States v. Capozzi, 347 F.3d 327, 328 (1st Cir. 2003), cert. denied, Capozzi v. United States, 540 U.S. 1168 (2004).

## III. First § 2255 Habeas Petition

On January 25, 2005, Petitioner filed his first motion under 28 U.S.C. § 2255 challenging his conviction on the basis of ineffective assistance of counsel. Mot. to Vacate, Set Aside or Correct Sent., Capozzi v. United States, 2007 WL 162247 (D. Mass. Jan. 12, 2007) (No. 05-10171), Dkt. 1. Petitioner amended the motion on March 25, 2005, to add a claim under Shepard v. United States, 544 U.S. 12 (2005), asserting that his previous convictions did not constitute sufficient ACCA violent felony predicates to qualify him as an ACC because they were non-generic burglaries, that the Court violated his Sixth Amendment right to a jury trial when it determined under a preponderance standard that his prior convictions qualified him as an ACC, and that his counsel provided ineffective assistance by failing to raise those arguments. This Court denied that motion on January

---

months as to Count 3s to run concurrently with Count 1s, and 60 months as to Count 4s to run consecutively as required for the § 924(c) conviction.

12, 2007. Among other things, the Court pointed out that the PSR explicitly found that four of the Petitioner's prior convictions involved buildings and qualified him as an armed career criminal under 18 U.S.C. § 924(e). The Court also rejected as untimely the proposed amendment to his habeas petition asserting that his "prior convictions for allegedly non-generic burglary were impermissible ACCA predicates" on the ground that the amendment contained new details in his prior record that were never raised in the original habeas motion. The Court denied the certificate of appealability, which was filed only with respect to his Sixth Amendment claim under Almendarez Torres v. United States, 523 U.S. 224 (1998). The First Circuit affirmed the denial of the request for a certificate of appealability, stating:

> Petitioner's challenge to the continued validity of Almendarez-Torres v. United States, 523 U.S. 224 (1998), the only claim actually addressed in petitioner's COA application before the district court, does not present a debatable claim. See United States v. Burghardt, 939 F.3d 397, 409 (1st Cir. 2019). Petitioner concedes that the district court correctly concluded that his remaining challenges to his sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"), are time-barred, so no COA will issue on those claims. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). Even absent this concession, we would find no grounds for granting a COA because petitioner failed to include the remaining ACCA claims in his request for a COA in the district court. See Peralta v. United States, 597 F.3d 74, 84 (1st Cir. 2010) (claim not included in request for COA in district court is waived).

Capozzi v. United States, Appeal No. 16-1562 (1st. Cir. 2019) (Document 00117525117).

## IV. Second or Successive § 2255 Habeas Motion

On November 27, 2015, Petitioner filed a pro se motion for authorization to file a second or successive § 2255 motion challenging his sentence enhancement pursuant to 18 U.S.C. § 924(e)(1) based on Johnson v. United States, 576 U.S. 591 (2015) ("Johnson II"). After counsel was appointed, Petitioner amended his motion to include challenging his conviction for use of a firearm during attempted extortion in violation of 18 U.S.C. § 924(c) on Johnson II grounds.

On December 11, 2019, the First Circuit granted Petitioner's request for a second or successive § 2255 motion. Based on Johnson II and United States v. Davis, 139 S. Ct. 2319 (2019), the First Circuit concluded that "Capozzi has made a prima facie showing that his challenge to his conviction under 18 U.S.C. § 924(c) legitimately relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Dkt. 387 at 1 (internal citations omitted). The First Circuit added: "To the extent his application includes additional claims, the court expresses no opinion whatsoever as to whether those claims satisfy either of the gatekeeping provisions set out at 28 U.S.C. § 2255(h), a finding that must be made by the district court in the first instance." Id. The First Circuit did not address the claim under § 924(e)(1). Id. However, it deemed

5

Petitioner's second or successive § 2255 motion filed on November 27, 2015.

On June 22, 2020, after the § 2255 motion was transferred back before this Court, Petitioner filed a supplement to his second or successive § 2255 motion, challenging his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) based on Rehaif v. United States, 139 S. Ct. 2191 (2019). He did not file a motion to amend pursuant to Fed. R. Civ. P. 15(a)(2). Petitioner also did not present his Rehaif claim to the First Circuit. The motion as supplemented is now before the Court.

## DISCUSSION

### I.   Standard of Review

A federal criminal defendant "may petition for post-conviction relief under 28 U.S.C. § 2255(a) if, inter alia, the individual's sentence 'was imposed in violation of the Constitution or laws of the United States' or 'is otherwise subject to collateral attack.'" Lassend v. United States, 898 F.3d 115, 122 (1st Cir. 2018) (quoting 28 U.S.C. § 2255(a)). The petitioner bears the burden of establishing his entitlement to relief. Id.

## II.   Conviction Under 18 U.S.C. § 924(c)[3]

Petitioner argues that his conviction for use of a firearm during a crime of violence in violation of § 924(c) must be vacated because his predicate conviction for attempted Hobbs Act extortion in violation of 18 U.S.C. § 1951(a) does not qualify as a "crime of violence" under 18 U.S.C. § 924(c)(3)(B).

Section 924(c) sets out mandatory sentence enhancements applicable to:

> any person who, during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm.

Id. § 924(c)(1)(A). The statute defines a "crime of violence" as:

> an offense that is a felony and--
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Id. § 924(c)(3). In United States v. Davis, the Supreme Court held that the statute's residual clause, § 924(c)(3)(B), is unconstitutionally vague. 139 S. Ct. 2319, 2336 (2019).

---

[3] The government does not dispute that the Court has jurisdiction over Petitioner's challenge to his conviction under 18 U.S.C. § 924(c).

7

Petitioner argues that a conviction for attempted Hobbs Act extortion does not qualify under the "force" clause in § 924(c)(3)(A) because it can be committed using threats to economic interests. The Government responds that Petitioner's conviction for attempted Hobbs Act extortion satisfies the "force" clause because the statute defines "extortion" as "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right." 18 U.S.C. § 1951(b)(2). Petitioner was charged with "the attempted obtaining of money, in the amount of $4,000.00, more or less, from a person, with his consent, induced by wrongful use of actual and threatened force, violence and fear." Dkt. 387-1 at 99. The Court instructed the jury: "What does extortion mean? Extortion means the obtaining of property from another with his consent, induced by wrongful use of actual or threatened force, violence or fear." Dkt. 287 at 109:10-13.

The First Circuit has held that a Hobbs Act prosecution can be based on a "fear" of economic loss. See United States v. Cruzado-Laureano, 404 F.3d 470, 481 (1st Cir. 2005) (stating that "[e]xtortion by 'fear' can mean fear of economic loss"); United States v. Sturm, 870 F.2d 769, 772 (1st Cir. 1989) (holding that attempted Hobbs Act extortion "may be based on a creditor's fear of nonrepayment".) See also First Cir. Pattern

8

Jury Instr. § 4.18.1951, Interference with Commerce by Robbery or Extortion (Hobbs Act), cmt. 2 ("The 'fear' element of extortion can include fear of economic loss. . ... If the extortion is economic fear, the term 'wrongful' must be defined to require that the government prove that the defendant did not have a claim of right to the property, and that the defendant knew that he or she was not legally entitled to the property obtained.") (citations omitted). Other circuits agree. See United States v. Villalobos, 748 F.3d 953, 955, 956–57 (9th Cir. 2014) (finding Hobbs Act extortion where defendant threatened to mislead authorities investigating an offense); Levitt v. Yelp! Inc., 765 F.3d 1123, 1130–33 (9th Cir. 2014) (finding wrongful threats of economic injury would prove Hobbs Act extortion); United States v. Iozzi, 420 F.2d 512, 515 (4th Cir. 1970) (acknowledging that fear of economic loss is sufficient to support a conviction for Hobbs Act extortion).

    The question is whether the "fear" element of extortion constitutes "physical force" as used in § 924(c)(3)(A). The Supreme Court has held that "physical force" requires "violent force," which means "strong physical force" or "force capable of causing physical pain or injury to another person." Johnson v. United States, 559 U.S. 133, 140 (2010) (cleaned up). The actual facts supporting the conviction do not matter because the Court must follow the so-called "categorical approach." Mathis v.

United States, 136 S. Ct. 2243, 2251 (2016) (under the categorical analysis, how a defendant "actually perpetrated the crime . . . makes no difference"). Applying the "categorical approach," the Court must determine whether the statutory elements of the offense "necessarily require the use, attempted use, or the threatened use of physical force" under the force clause in § 924(c). United States v. Simms, 914 F.3d 229, 233 (4th Cir. 2019). Under the caselaw, the Court concludes that Hobbs Act extortion can be committed without "the use, attempted use or threatened use of physical force" because it can be committed by fear of economic harm. See In re Hernandez, 857 F.3d 1162, 1166-67 (11th Cir. 2017) (Martin, J., concurring) ("[A]ttempted Hobbs Act extortion is even less likely [than completed Hobbs Act extortion] to qualify as a 'crime of violence' in light of Johnson." (emphasis in original)).

A number of recent district court decisions have held that Hobbs act extortion does not qualify as a crime of violence under § 924(c)'s force clause because of the "fear" element. See United States v. White, No. MO:11-CR-0027612, 2020 WL 8024725, at *3-4 (W.D. Tex. Dec. 29, 2020) ("The word fear brings nonviolent blackmail and economic extortion within the scope of the Hobbs Act. . . . After Davis, Hobbs Act extortion can qualify as a crime of violence only under the now unconstitutionally vague residual clause.") (cleaned up); Brown

v. United States, No. 3:05-CR-376-RJC-3, 2020 WL 437921, at *2 (W.D.N.C. Jan. 28, 2020) ("The offense underlying Petitioner's § 924(c) convictions was Hobbs Act extortion which the Government correctly concedes is not a crime of violence under § 924(c)'s force clause.") (citations omitted); Burleson v. United States, No. 3:20-CV-487, 2020 WL 7027503, at *4 (M.D. Tenn. Nov. 27, 2020) (pointing to the government's concession that attempted Hobbs Act extortion cannot satisfy the force clause). The Government relies on United States v. Nikolla for the proposition that Hobbs Act extortion is categorically a "crime of violence." 950 F.3d 51, 52 (2d Cir.), cert. denied, 141 S. Ct. 634 (2020). That case is easily distinguished because the Second Circuit's holding is limited to "the offense specified in the clause of 18 U.S.C. § 1951(a) by the language '[w]hoever . . . commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of [§ 1951]." Nikolla, 950 F.3d at 54; see Scheidler v. Nat'l Org. for Women, 547 U.S. 9, 22 (2006) (acknowledging that acts or threats of physical violence in furtherance of Hobbs Act robbery or extortion constitute a "separate Hobbs Act crime").

Because attempted Hobbs Act extortion does not qualify as a "crime of violence," Petitioner's § 924(c) conviction must be vacated.

11

**III. Conviction Under 18 U.S.C. § 922(g) (Rehaif Claim)**

The Government argues that this Court has no jurisdiction over the Petitioner's Rehaif claim because he did not include it in his motion before the First Circuit. I agree. Petitioner supplemented his motion after the First Circuit issued the order allowing the second or successive petition. Because the claim does not satisfy the gatekeeping requirements, the Court dismisses the claim without prejudice on the ground this Court lacks jurisdiction. See Evans-Garcia v. United States, 744 F.3d 235, 237 (1st Cir. 2014); 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals[.]"); 28 U.S.C. § 2244(b)(2) ("A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless . . . the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable[.]"); 28 U.S.C. § 2244(b)(4) ("A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.").

## IV. Sentence Enhancement Under 18 U.S.C. § 924(e)(1)

Petitioner argues that his ACCA enhanced sentence must be vacated because he lacks the necessary three predicate convictions to qualify as an ACC under 18 U.S.C. § 924(e)(1). Specifically, Petitioner states that Massachusetts breaking and entering does not qualify as a "violent felony" after the Supreme Court invalidated the residual clause in § 924(e)(2)(B)(ii) because "[t]here was no discussion of the bases upon which the ACCA predicates were considered violent felonies" during sentencing, Dkt. 403 at 3, and the offense satisfies neither the force clause, § 924(e)(2)(B)(i), nor the enumerated clause, the portion of § 924(e)(2)(B)(ii) that defines a "violent felony" as "burglary, arson, or extortion."

The ACCA sets out mandatory sentence enhancements applicable to:

> a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony . . . committed on occasions different from one another.

18 U.S.C. § 924(e)(1). The statute defines a "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year . . . that--
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

>     (ii) is burglary, arson, or extortion, involves use of
>     explosives, or otherwise involves conduct that presents
>     a serious potential risk of physical injury to another.

Id. § 924(e)(2)(B). In Johnson II, the Supreme Court considered the ACCA's residual clause, the portion of § 924(c)(2)(b)(ii) that defines a "violent felony" as any felony that "involves conduct that presents a serious potential risk of physical injury to another." 576 U.S. at 593. The Court held that the residual clause is unconstitutionally vague. Id. at 606.

As a threshold matter, the Court must determine whether it has jurisdiction to hear this claim since the First Circuit did not directly address the issue. The Government argues that Petitioner's challenge to his ACCA sentence enhancement pursuant to 18 U.S.C. § 924(e)(1) is really an untimely claim under Mathis, 136 S. Ct. at 2247-48, not a timely claim under Johnson II. In Mathis, the Supreme Court held that a "prior crime qualifies as an ACCA predicate if, but only if, its elements are the same as, or narrower than, those of the generic offense." Id.

Petitioner's claim that his Massachusetts breaking and entering convictions are not violent felony predicates after Johnson II invalidated the residual clause relies, in the Government's view, on the argument that those convictions also do not fall under the enumerated clause because their elements are broader than generic burglary -- a Mathis claim. The

14

Government relies heavily on United States v. Dimott, 881 F.3d 232, 234 (1st Cir. 2018), which held that a challenge to the designation of Maine burglary convictions as ACCA violent felony predicates based on Johnson II was really an untimely Mathis claim. The First Circuit added, "[T]o successfully advance a Johnson II claim on collateral review, a habeas petitioner bears the burden of establishing that it is more likely than not that he was sentenced solely pursuant to ACCA's residual clause." Id. at 243. Because Mathis is not a new rule of constitutional law that was previously unavailable and has been made retroactive to claims on collateral review by the Supreme Court, the Government argues that Petitioner's claim does not meet the gatekeeping requirements for a second or successive § 2255 motion. See 28 U.S.C. § 2244(b)(2), 2244(b)(4).

Petitioner responds that "the sentencing court did not have sufficient information to find that the Defendant had committed three generic burglaries" because "[t]he PSR does not indicate whether the B&Es identified in paragraphs 48, 49, 53, or 54 involved buildings or structures" and "does not indicate whether the 'entry' described in PSR ¶ 50 was in fact 'unlawful or unprivileged.'" Dkt. 427 at 13-14; see Taylor v. United States, 495 U.S. 575, 598 (1990) (defining generic burglary as "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime"). Thus, in

15

Petitioner's view, the Court must have relied on the residual clause at sentencing and Johnson II applies.

The Government correctly states that the Court does not have jurisdiction because Petitioner's challenge is an untimely Mathis claim. See 28 U.S.C. § 2244(b)(2), 2244(b)(4). As it points out, the Court already rejected this claim in the initial habeas motion, and in denying the certificate of appealability, the First Circuit stated, "Petitioner concedes that the district court correctly concluded that his remaining challenges to his sentence under the [ACCA] are time-barred. . . . Even absent this concession, we would find no grounds for granting a COA because petitioner failed to include the remaining ACCA claims in his request for a COA in the district court." Capozzi v. United States, Appeal No. 16-1562 (1st. Cir. 2019) (Document 00117525117). Moreover, there is no basis in the record for concluding that the Court sentenced Petitioner solely under the residual clause. In United States v. Wilkinson, the First Circuit held that breaking and entering of a building in the nighttime with the intent to commit a felony in violation of M.G.L. c. 266, § 16 fell within either the enumerated or residual prong of 18 U.S.C. § 924(e)(1) "or both" at the time of Petitioner's sentencing. 926 F.2d 22, 29 (1st Cir. 1991), overruled on other grounds, United States v. Vazquez, 724 F.3d 15 (1st Cir. 2013). It also relied on the Supreme Court holding

16

that "burglary" includes "an unlawful . . . entry into . . . a building with intent to commit a crime." Taylor v. United States, 495 U.S. 575 (1990).

Because the Court likely sentenced under both clauses, the attempt to characterize this as a Johnson claim fails.

## ORDER

For the reasons stated above, Petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Dkts. 403 and 416) is **ALLOWED** in part as to his § 924(c) conviction and **DENIED** in part as to his § 922(g) conviction and his sentence enhancement pursuant to § 924(e)(1).

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge